OPINION. OppeR, Judge: The bonus paid in the last year of the base period to one of petitioner’s officers can not be disallowed as an abnormal deduction under section 711 (b) (1) (J) unless petitioner “establishes” that the “abnormality” did not result from an “increase in the gross income of the taxpayer in its base period.” Section 711 (b) (1) (K) (ii). There was an increase in petitioner’s income “in” the base period, in that in the year in question, which was in the base period, gross income was some $35,000, compared with a maximum of $28,000 for any previous year, $23,000 for the prior year, and an average of about the same figure for all five of the earlier years shown by the record. See 'William, Leveen Corporation, 3 T. C. 593. Net income, presumably at least partly on this account, was even greater proportionally than for any other year. We think the record shows that it was this increase in income which caused the directors to vote the unprecedented bonus to the officer in question. The minutes recite that the “purpose of the meeting” was to consider the compensation of “the superintendent.” They then point out that, under the original arrangement made with him, “if the company would earn any substantial profits,” an adjustment would be made. “Preliminary figures for the present fiscal year,” presumably then available to the directors, are characterized in the minutes as “very satisfactory.” Nevertheless, the bonus awarded at that time was “to be withdrawn, however, only as the cash position of the company permits.” It is difficult to believe that the statements noted would have appeared in the minutes at all had they been considered entirely irrelevant. That an inference may be drawn of some connection in the minds of the directors between unsatisfactory earnings in the past, .the contrasting results of the current year, and payment of the increased compensation seems to us thus hardly debatable. If the payment was not to some extent the consequence of these circumstances, it has at least not been explained why the statements were made at all, and hence petitioner has not “established” that there was no such causal connection. We think the deficiency was properly determined, without finding it necessary to examine respondent’s additional contention. Decision will be entered wider Rule 50.